Arthur Russell, Esq. (AR-0506)
*Attorney for ThyssenKrupp Elevator Corp.,*
*Creditor*
14 Wall Street, 22nd floor
New York, NY 10005-2101
and
661 Franklin Avenue
Nutley, NJ 07110
(please correspond with NJ office)
(973) 661-4545
Fax: (973)661-4646
arthur@attorneyrussell.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    ALROSE KING DAVID, LLC.,<br><br>              Debtor. | Case no 1-11-75361<br>Chapter 11 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

      ThyssenKrupp Elevator Corp. ("TKE") a creditor of the Debtor Alrose

King David, LLC, ("Alrose") by its undersigned attorney submits this motion for

relief from the automatic stay of bankruptcy under 11 U.S.C. § 362(d)(1) and (2)

to permit TKE to continue a State court breach of contract action now pending in

Supreme Court of the State of New York, Nassau County, Index Number

25662/2009 (the "Contract Action"), and in support thereof, states as follows:

### PRELIMINARY STATEMENT

1.      TKE has already obtained judgment against the Alrose in a mechanic's lien

foreclosure case in Nassau County, in an action entitled DCI Design

Communications Inc. v. Alrose King David, LLC, Nassau County Index Number

24080/2009 (the "Foreclosure Action"). That Judgment, entered on July 27, 2011, provides TKE with a money judgment of $314,257.52 and orders that Alrose's real property located at 80 West Broadway, Long Beach, New York (the "Premises") be sold to satisfy the Judgment. A copy of the Judgment is annexed as Exhibit 1. TKE has filed a proof of claim (Amended Proof of Claim #1) for that amount in this bankruptcy action.

2.      Independent of the Foreclosure Action, TKE commenced the Action, a separate action on the underlying elevator installation contract, which names not only Alrose, but other entities as parties defendant: viz. Alrose Allegria, LLC ("Allegria") , The Alrose Group, and East End Builders Group, Inc. ("East End").

3.      TKE has no further need for relief from Alrose. Accordingly, the purpose of this motion is to seek a modification of the automatic stay to permit TKE to continue the dismiss the Contract Action as against Alrose and to continue the Contract Action as against the other parties.

## BACKGROUND FACTS

4.      Alrose is a New York LLC, with offices c/o The Alrose Group LLC, Station Plaza, Woodmere, New York, 11598.

5.      Alrose is the owner of real property located at 80 West Broadway, Long Beach, New York (the "Premises").

6.      The Premises is operated as a hotel. The hotel is operated by Allegria.

7.      East End, as all relevant times, the construction manager for Alrose in connection with improvements to the premises (the "Project").

8.      As such, East End had responsibility for entering a contract to furnish the Project with elevators, and to supervise their installation.

9.      By written contract, dated April 17, 2008, TKE agreed with East End to furnish and install certain elevators at the Project.

10.     The agreed price and value of the labor and/or materials furnished by TKE to East End pursuant to the contract was $735,240.00.

11.     TKE complied with all of its obligations under the contract.

12.     East End accepted the elevators on or about September 3, 2009.

13.     TKE received partial payment for its work but its final invoices totaling $227,931 were never paid, despite due demand.

14.     The amount unpaid to TKE for the labor and/or materials furnished pursuant to the contract is $227,931.00 (the "Debt").

15.     During discovery, there was conflicting evidence concerning which of the Defendants was liable to TKE under the contract: Alrose, Allegria or East End. Accordingly a Note of Issue was filed in Nassau County and the case was marked for a trial on September 20, 2011.   A copy of the pleadings is annexed as Exhibit 2.

16.     Alrose filed its Chapter 11 Petition on July 28, 2011.

17.     This motion followed.

**RELIEF REQUESTED**

18.     TKE requests an order pursuant 11 U.S.C. 362(d) (1) and (2) lifting and modifying the automatic stay to permit TKE to continue the Contract Action against Allegria and East End.

19.     TKE already has a money judgment and an order directing the sale of the Premises to satisfy the judgment, and has no further need to proceed against the Debtor, Alrose.

20.     However, the Contract Action states viable contract claims against Allegria and East End and those claims are scheduled to come on for trial on September 20, 2011.

21.     TKE is ready to dismiss its contract claims against Alrose as a condition to obtaining relief from the automatic stay to proceed with the Contract Action against the remaining defendants.

WHEREFORE, TKE respectfully requests an order pursuant to 11 U.S.C. § 362 (d) modifying the automatic stay to permit the Contract Action to proceed against Allegria and East End and permitting TKE to dismiss its claims against Alrose in the Contract Action.

Dated: New York NY
August 8, 2011

/s/ Arthur Russell
Arthur Russell, Esq. (AR-0506)
*Attorney for ThyssenKrupp Elevator Corp., Creditor*
14 Wall Street, 22nd floor
New York, NY 10005-2101
and
661 Franklin Avenue
Nutley, NJ 07110
(please correspond with NJ office)
(973) 661-4545
Fax: (973)661-4646
arthur@attorneyrussell.com

EXHIBIT 1



At IAS PART 37 of the Supreme Court of the
State of New York held in and for the County of
Nassau at 100 Supreme Court Drive, Mineola,
New York on the 7th day of July, 2011

PRESENT:

JOHN MICHAEL GALASSO

ORIGINAL

JUSTICE

------------------------------------------------------------------------X

DCI DESIGN COMMUNICATIONS INC.,

Index No.: 09-024080

Plaintiff,

-against-

ALROSE KING DAVID LLC
LONG ISLAND TINSMITH SUPPLY CORP.,
EAST NEW YORK STEEL PRODUCTS INC.,
NU-WAY CRANE SERVICE INC.,
ALLSTATE INSTALLATION,
JENCO ASSOCIATES INC.,
AFFILIATED BUILDING RESOURCES INC.,
RGBS ENTERPRISES INC.,
ADE SYSTEMS INC.,
GIL-BAR INDUSTRIES INC..
DAY & NIGHT REFRIGERATION SERVICE CORP.,
LONG ISLAND TINSMITH SUPPLY CORP.,
THYSSENKRUPP ELEVATOR CORP.,
BROOKLYN FEDERAL SAVINGS BANK,
COMMERCIAL COATINGS & MAINTENANCE, LLC,
NORTHEAST STEEL FABRICATORS, INC.,
CREATIVE CABLING SOLUTIONS, INC.,
GLOBAL INSULATION, INC. AND
"JOHN DOE #1" through "JOHN DOE #10",
the last ten names being fictitious and unknown
to plaintiff, the persons or parties intended being
the tenants, occupants, persons or corporations,
if any, having or claiming an interest in or lien
upon the premises described in the complaint,

ORDER AND JUDGMENT
AND FOR JUDGMENT OF
FORECLOSURE AND
SALE FOR THE REAL
PROPERTY LOCATED
IN NASSAU COUNTY
AT 80 WEST BROADWAY,
LONG BEACH, NEW
YORK; SECTION 59,
BLOCK 89, LOT 101

Defendants.

------------------------------------------------------------------------X

2011 JUL -7 PM 2: 27

```
-----------------------------------------------------------------------X
```
NORTHEAST STEEL FABRICATORS, INC.,

                              Counterclaim Plaintiff,

      -against-

EAST END BUILDERS GROUP, INC.

                              Counterclaim Defendant.
```
-----------------------------------------------------------------------X
```

**THIS** Action having been tried before the Honorable John Michael Galasso without a

jury in I.A.S. Part 37 of the Supreme Court of the State of New York, County of Nassau, in the

Courthouse located at 100 Supreme Court Drive, Mineola, New York on March 28, 29 and 30,

2011;

**AND,** Plaintiff-Lienor DCI Design Communications, Inc. having appeared and presented

its proof in support of its claims and having moved for an order appointing a receiver

("Receiver") for the premises located at 80 West Broadway, Long Beach, New York and

situated in Section 59, Block 89, Lot 101 as shown on the Land and Tax Map of the City of

Long Beach, County of Nassau, State of New York (the "Premises"), and as more fully described

on Schedule "A" hereto, and an order appointing a referee to sell the Premises ("Referee");

**AND,** Defendants-Lienors Cross-Claimants East New York Steel Products Corp.,

Thyssenkrupp Elevator Corp., Commercial Coatings & Maintenance, LLC, Northeast Steel

Fabricators, Inc. ("Northeast") and Creative Cabling Systems, Inc. having appeared and

presented their respective proof in support of their claims;

**AND,** Defendant Alrose King David LLC having presented its proof in opposition to the claims of Plaintiff-Lienor and Defendants-Lienors;

**AND,** Defendant Lienor/Counterclaim-Plaintiff Northeast Steel Fabricators, Inc. having duly served its Counterclaims upon Counterclaim-Defendant East End Builders Group, Inc.;

**AND,** Counterclaim-Defendant East End Builders Group, Inc. having defaulted by failing to appear or to serve a reply to Northeast Steel Fabricators, Inc.'s Counterclaims, and having failed to appear for the trial of this Action;

**AND,** the Court having heard the allegations and proofs of all of the appearing parties;

**AND,** the Court having rendered a decision finding that the mechanic's liens filed by Plaintiff-Lienor DCI Design Communications and Defendants-Lienors East New York Steel Products Corp., Thyssenkrupp Elevator Corp., Commercial Coatings & Maintenance, LLC, Northeast Steel Fabricators, Inc. and Creative Cabling Systems, Inc. against the Premises were timely and duly filed and served, and that the aforesaid lienors were each entitled to the amount claimed in their respective mechanic's lien;

**AND,** the Court having rendered a decision (a copy of which is annexed hereto): (i) granting Plaintiff-Lienor DCI Design Communications and Defendants-Lienors East New York Steel Products Corp., Thyssenkrupp Elevator Corp., Commercial Coatings & Maintenance, LLC, Northeast Steel Fabricators, Inc. and Creative Cabling Systems, Inc. foreclosure of their

respective mechanic's liens; (ii) directing an immediate sale of the Premises; and (iii) appointing

Jeena R. Belil, 28 Avolet Court, Mount Sinai, New York 11766 (631) 445-7380 to serve as

Referee in connection with the aforementioned sale; and

**AND** upon all of the papers filed and proceedings had,

**NOW**, on motion of Joseph T. Adragna, Esq., attorney for Plaintiff-Lienor DCI Design

Communications, Inc., Richard A. Solomon, Esq., attorney for East New York Steel Products

Corp., Arthur Russell, Esq., attorney for Thyssenkrupp Elevator Corp., Bruce A. Feldman,

attorney for Defendant-Lienor Commercial Coatings and Maintenance, LLC, Agovino &

Asselta, LLP, attorneys for Defendant-Lienor/ Counterclaim-Plaintiff Northeast Steel

Fabricators, Inc., and Kaufman Dolowich Voluck & Gonzo, LLP, attorneys for Creative Cabling

Systems, Inc., it is

_Ordered that the caption be amended as reflected above._

**ORDERED ADJUDGED AND DECREED,** that Plaintiff-Lienor DCI Design

Communications, Inc., having an office and principal place of business located at 6851 Jericho

Turnpike, Suite 260, Syosset, New York 11791, does recover of Defendant Alrose King David

LLC, having an office and principal place of business located at 80 West Broadway, Long

Beach, New York, the sum of $359,000, with interest thereon at the rate from April 7, 2009, in

the sum of $53,000, and attorneys fees in the sum of $77,000 amounting in all to the sum of

$489,000, and that Plaintiff-Lienor have execution thereon; and it is further

**ORDERED ADJUDGED AND DECREED,** that Plaintiff-Lienor DCI Design Communications, Inc., has a valid and existing mechanic's lien in the sum of $489,000 on all the right, title and interest which the Defendant Alrose King David, LLC had on November 10, 2009, in and to the property located at 80 West Broadway, Long Beach, New York, and identified on the Tax Maps of the County of Nassau as Section 59, Block 89, Lot 101 (the "Premises"); and it is further

**ORDERED ADJUDGED AND DECREED,** that Defendant-Lienor East New York Steel Products Corp., having an office and principal place of business located at 289 Linwood Street, Brooklyn, New York 11208, has a valid and existing mechanic's lien in the sum of $78,800.00, plus interest at the statutory rate from August 12, 2009, in the sum of $11,560.93, and attorneys fees in the sum of $19,700.00, amounting in all to the sum of $110,060.93, on all the right, title and interest which the Defendant Alrose King David, LLC had on August 12, 2009, in and to the Premises; and it is further

**ORDERED ADJUDGED AND DECREED,** that Defendant-Lienor Thyssenkrupp Elevator Corp., having an office and principal place of business located at 519 Eighth Avenue, 5th Floor, New York New York, 10018, has a valid and existing mechanic's lien in the sum of $227,931, plus interest at the contract rate of 24% per annum from September 1, 2009 in the sum of $86,326.52 amounting in all to the sum of $314,257.52 on all the right, title and interest which the Defendant Alrose King David, LLC had on October 17, 2009, in and to the Premises; and it is further

5

**ORDERED ADJUDGED AND DECREED,** that Defendant-Lienor Commercial Coatings & Maintenance, LLC, having an office and principal place of business located at 105 Bloomingdale Road, Hicksville, New York 11801, does recover of Alrose King David, LLC, having an office and principal place of business located at 80 West Broadway, Long Beach, New York, the sum of $149,775.00, with interest thereon at the statutory rate from September 8, 2009, in the sum of $21,118.72, and attorneys fees in the sum of $68,773.25, plus costs in the sum of $935.00 (Bill of Costs attached), amounting in all to the sum of $240,601.97 and that Defendant-Lienor have execution thereon; and it is further

**ORDERED ADJUDGED AND DECREED,** that Defendant-Lienor Commercial Coatings & Maintenance, LLC. has a valid and existing mechanic's lien in the sum of $240,601.97 on all the right, title and interest which the Defendant Alrose King David, LLC had on March 1, 2010, in and to the Premises; and it is further

**ORDERED ADJUDGED AND DECREED,** that Defendant-Lienor Creative Cabling Solutions, Inc., having an office and principal place of business located at 20 Madison Avenue, Hicksville, New York 11801, has a valid and existing mechanic's lien in the sum of $186,209.98, plus interest at the statutory rate from April 27, 2010, in the sum of $15,748.77, amounting in all to the sum of $201,958.75 on all the right, title and interest which the Defendant Alrose King David, LLC had on April 27, 2010, in and to the Premises; and it is further

**ORDERED ADJUDGED AND DECREED,** that Counterclaim-Plaintiff Northeast Steel Fabricators, Inc., having an office and principal place of business located at 1101 Scott Avenue, Calverton, New York 11933, does recover of Counterclaim-Defendant East End Builders Group, Inc., having a principal place of business at 1029 William Floyd Parkway, Ste. 4, Shirley, New York 11967, the sum of $56,139.83, plus interest at the rate of nine percent (9%) from November 19, 2009, in the sum of $7,045.93, and costs in the sum of $925.00, amounting in all to the sum of $64,110.76 (Bill of Costs attached), and that Counterclaim-Plaintiff have execution thereon; and it is further

**ORDERED, ADJUDGED AND DECREED,** that by the filing and docketing with the Nassau County Clerk on April 30, 2010 of Northeast's mechanic's lien in the amount of $56,139.83, and as also set forth in the Verified Answer of Northeast with Counterclaims and Cross-Claims filed by Northeast on August 17, 2010, under Index number 24080/09, against the Premises, Northeast acquired and now has a valid and subsisting lien against the Premises in the sum of $56,139.83, plus interest at the rate of nine percent (9%) from November 19, 2009, in the sum of $7,045.93, and costs in the sum of $925.00, amounting in all to the sum of $64,110.76, and it is further

**ORDERED ADJUDGED AND DECREED,** that the mechanic's liens of Plaintiff-Lienor and Defendants-Lienors are on a parity, and none is prior to another; and it is further

**ORDERED ADJUDGED AND DECREED,** that the Premises or such part thereof as may be sufficient to discharge the aforesaid mechanic's liens, including any and all interest

accruing through the date of satisfaction of the aforesaid mechanics liens, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law ("RPAPL") be sold, in one parcel, at public auction in _MINEOLA_ , New York, by and under the direction of Jeena R. Belil, 28 Avolet Court, Mount Sinai, New York 11766 (631) 445-7380, who is hereby appointed Referee for that purpose, that the said Referee shall set the date of sale and give public notice, namely, in the _NEWSDAY AND TRIBUNE NEWS (516-431-512 AND LONG BEACH HERALD (516-569-4000)_ , of the time and place of sale in accordance with RPAPL 231 and the course and practice of this Court, ; and it is further

**ORDERED ADJUDGED AND DECREED,** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the Court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent (10%) of the sum bid and shall execute Terms of Sale for the purchase of the Premises, unless such successful bidder is the Plaintiff-Lienor or a Defendant-Lienor herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED ADJUDGED AND DECREED,** that in the event that the first successful bidder fails to immediately pay the ten percent (10%) deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Premises, the Premises shall thereafter immediately, on the same day, be reoffered at auction; and it is further

**ORDERED ADJUDGED AND DECREED,** that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five (45) days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title <u>only</u> to the successful bidder at the auction. Any delay or adjournment of the closing date beyond forty-five (45) days may be stipulated among the parties, with the Referee's consent, up to ninety (90) days from the date of sale, but any adjournment beyond ninety (90) days may be set only with the approval of this Court; and, it is further

**ORDERED ADJUDGED AND DECREED,** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

FIRST: The statutory fees and commissions of said Referee pursuant to CPLR § 8003(b) which shall not exceed $~~500.00~~ unless the sale price (the amount of the accepted bid) exceeds $50,000.00. In the event the sale price exceeds 50,000.00 and additional compensation (including commissions) in excess of $~~500.00~~ is sought pursuant to CPLR § 8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court. Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR § 8003 (b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption. Such application shall be promptly submitted to the Court within five (5) days of the transfer of the deed and prior to filing the Report of Sale. The five (5) day period for payment of surplus

9

money into Court as set forth in RPAPL § 1354(4), and the thirty (30) day period set forth in RPAPL § 1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a), plaintiff shall compensate the Referee in the sum of $250.00 ~~$250.00~~ 300.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff-Lienor and Defendants-Lienors. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750.00, including compensation authorized pursuant to CPLR § 8003 (a) for computation of the sum due to Plaintiff-Lienor and Defendants-Lienors, may be accepted by the Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

SECOND: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD: Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the Premises which have priority over the foreclosed mechanic's liens, which are liens on the Premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of

payment.

FOURTH: Out of the proceeds of such sale, after deducting fees and the expenses, the Referee respectively pay to the Plaintiff-Lienor, or its attorney, and Defendant-Lienors, or their attorneys, the total sum of $1,419,989.93, and that the Referee apply the balance, so far as it goes, to the payment to the:

| Lienor | Amount |
|---|---|
| DCI Design Communications, Inc. | $479,000.00 |
| East New York Steel Products Corp. | $110,060.93 |
| Thyssenkrupp Elevator Corp. | $314,257.52 |
| Commercial Coating & Maintenance, LLC | $240,601.97 |
| Creative Cabling Systems, Inc. | $201,958.75 |
| Northeast Steel Fabricators, Inc. | $64,110.76 |

Such sums being respectively the total amount of the claims of the parties; and it is further

**ORDERED ADJUDGED AND DECREED**, that in case the Plaintiff-Lienor or one of the Defendants-Lienors be the purchaser of the Premises at said sale, said Referee shall not require payment in cash of the entire amount bid at said sale, but shall execute and deliver only to the Plaintiff-Lienor or a Defendant-Lienor a deed of the Premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Referee upon the amounts due to Plaintiff-Lienor or Defendant-Lienor as

specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff-Lienor or Defendant-Lienor, the Plaintiff-Lienor or Defendant-Lienor shall pay to the said Referee, upon delivery to Plaintiff-Lienor or Defendant-Lienor of said Referee's deed, the amount of such surplus [which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL § 1354 (3), which payment shall be reported in the Referee's Report of Sale.] Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1354 (4) and the Referee shall immediately give notice of such surplus to the owner of the Premises as identified by Plaintiff-Lienor or Defendant-Lienor at the time of the sale; and it is further

**ORDERED ADJUDGED AND DECREED**, that said Referee take the receipt of the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with her Report of Sale, that he/she deposit the surplus monies, if any, with the Nassau County Clerk within five (5) days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a Justice of the Court; that said Referee make her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Nassau County Clerk, with a copy to the Chambers of the Appointing Justice, within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser or within thirty (30) days of the decision of the Court with respect to any application for additional

compensation; and it is further

**ORDERED ADJUDGED AND DECREED**, that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff-Lienor and Defendants-Lienors, Plaintiff-Lienor and Defendants-Lienors may recover of Defendant Alrose King David LLC the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the debt remaining unsatisfied after the sale of the Premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the RPAPL within ninety (90) days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

**ORDERED ADJUDGED AND DECREED**, that the purchaser or purchasers at such sale be let into possession on production of the Referee's deed or deeds; and it is further

**ORDERED ADJUDGED AND DECREED**, that Defendant Alrose King David LLC is barred and foreclosed of all interest, liens, claim and equity of redemption in the Premises described. Plaintiff-Lienor and Defendants-Lienors are entitled to judgment against Defendant Alrose King David LLC barring and foreclosing Defendant Alrose King David LLC and all persons claiming under it of all interest and equity of redemption in the Premises.

**ORDERED ADJUDGED AND DECREED**, that the Premises is to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the Premises would disclose, any state of facts that an accurate survey of the Premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in Section 1354 of the RPAPL law, and any equity of redemption of the United States of America to redeem the premises within one hundred twenty (120) days from the date of sale. Risk of loss shall not pass to purchaser until closing of title.

**ORDERED ADJUDGED AND DECREED**, that in absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED ADJUDGED AND DECREED**, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

**ORDERED ADJUDGED AND DECREED**, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of this Order, any tenants named in this action and any other party entitled to notice within twenty (20) days of entry and no less than thirty (30) days prior to sale; and it

is further

**ORDERED ADJUDGED AND DECREED**, that the Plaintiff-Lienor shall serve a

copy of the Notice of Sale upon the Foreclosure Department at least ten (10) days prior to the

scheduled sale.

Judgment signed this __7th__ day of July, 2011.

ENTER:

JOHN MICHAEL GALASSO, J.S.C.

4840-7525-5049, v. 2-7525-5049, v. 2

**ENTERED**

JUL 27 2011

**NASSAU COUNTY
COUNTY CLERK'S OFFICE**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| THYSSENKRUPP ELEVATOR CORPORATION, | Index Number 25622/2009 |
| Plaintiff. | **SECOND AMENDED SUMMONS** |
| -against- | |
| EAST END BUILDERS GROUP, INC., ALROSE KING DAVID LLC, and ALROSE ALLEGRIA, LLC, and ALROSE GROUP LLC | Venue is based on the agreement of the parties on the contract |
| Defendants. | |

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     New York, New York
           March 12, 2011

Arthur Russell
Attorney for Plaintiff
14 Wall Street, 22nd Floor
New York, NY 10005

TO:
Alrose Allegria, LLC, 80 West Broadway, Long Beach, NY
Alrose Group, LLC, 80 West Broadway, Long Beach, NY

EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| THYSSENKRUPP ELEVATOR CORPORATION, | Index Number 25633/2009 |
| Plaintiff. | **SECOND AMENDED COMPLAINT** |
| -against- | |
| EAST END BUILDERS GROUP, INC., ALROSE KING DAVID LLC, ALROSE ALLEGRIA, LLC, and ALROSE GROUP, LLC., | |
| Defendants. | |

Plaintiff, ThyssenKrupp Elevator Corporation ("TKE" or "Plaintiff"), by its

attorney, Arthur Russell, Esq., for its Complaint against East End Builder's Group

Inc. ("East End") Alrose King David LLC ("King David"), Alrose Allegria, LLC

("Allegria") and Alrose Group, LLC alleges:

1.     TKE is a corporation duly organized under the laws of the State of

Delaware and is authorized to do business in the State of New York.

ThyssenKrupp is in the business, among other things, of installing elevators.

2.     East End is a domestic business corporation organized and existing in the

State of New York with an address at 1029 Wm. Floyd Parkway, Ste 4, Shirley,

NY.  East End is a construction manager.

3.     King David is a New York domestic limited liability company, organized

and existing under the laws of the State of New York, with offices c/o The Alrose

Group LLC, Station Plaza, Woodmere, New York, 11598.  King David is the

owner of real property located at 80 West Broadway, Long Beach, New York (the "Premises").

4.     Allegria is a New York limited liability company with offices at 80 West Broadway, Long Beach, New York.  Allegria is the tenant of the Premises pursuant to a lease from King David.

5.     Alrose Group, LLC is a New York domestic business corporation with offices at 80 West Broadway, Long Beach, NY.  Alrose Group LLC sometimes holds itself out as Alrose Group, Inc.

## FACTS COMMON TO ALL CLAIMS

6.     East End was, at all relevant times, the general contractor and/or construction manager for Alrose Group, LLC, King David and/or Allegria in connection with improvements to the Premises (the "Project").

7.     By written contract, dated April 17, 2008 ("Contract"), TKE agreed with East End to furnish and install certain elevators at the Project (the "Elevators").

8.     TKE complied with all of its obligations under the contract.

9.     The Final Acceptance of the Elevators was signed by East End on September 1, 2009.

10.    The agreed price and value of the labor and/or materials furnished by TKE to East End pursuant to the contract was $735,240.00

11.    The amount <u>unpaid</u> by under the Contract to TKE for the labor and/or materials furnished pursuant to the contract is $227,931.00.

## AS AND FOR A FIRST CAUSE OF ACTION

12.    TKE repeats and realleges the foregoing as though set forth at length herein.

13.    East End breached its contract with TKE.

14.    TKE has been damaged as a result of that breach.

15.    Accordingly, East End is indebted to TKE in the amount of $227,931.00.

16.    In addition, East End is indebted to TKE for interest at the rate of 1.5% per month on the unpaid balance in accordance with the Contract since September 1, 2009.

17.    By reason of the foregoing, East End is indebted to TKE in the amount of $227,931.00, plus interest at 1.5% per month from September 1, 2009.

## AS AND FOR A SECOND CAUSE OF ACTION

18.    TKE repeats and realleges the foregoing as though set forth at length herein.

19.    In addition to damages indicated in the First Cause of Action, East End is indebted to TKE for all costs of collection, including but not limited to reasonable attorneys fees.

20.    As a result of the foregoing, East End is indebted to TKE for attorneys' fees and costs of collection in an amount to be determined by the trier of fact.

## AS AND FOR A THIRD CAUSE OF ACTION

21.    TKE repeats and realleges the foregoing as though set forth at length herein.

22. This cause of action is alleged in the alternative.

23. East end was acting as an agent for King David when it entered the Contract.

24. By reason of the foregoing, King David is indebted to TKE in the amount of $227,931.00, plus interest at 1.5% per month from September 1, 2009.

## AS AND FOR A FOURTH CAUSE OF ACTION

25. TKE repeats and realleges the foregoing as though set forth at length herein.

26. In addition to damages indicated in the Third Cause of Action, King David is indebted to TKE for all costs of collection, including but not limited to reasonable attorneys fees.

27. As a result of the foregoing, King David is indebted to TKE for attorneys' fees and costs of collection in an amount to be determined by the trier of fact.

## AS AND FOR A FIFTH CAUSE OF ACTION

28. TKE repeats and realleges the foregoing as though set forth at length herein.

29. This cause of action is alleged in the alternative.

30. East End was acting as an agent for Allegria when it entered the Contract.

31. By reason of the foregoing, Allegria is indebted to TKE in the amount of $227,931.00, plus interest at 1.5% per month from September 1, 2009.

## AS AND FOR A SIXTH CAUSE OF ACTION

32.  TKE repeats and realleges the foregoing as though set forth at length herein.

33.  In addition to damages indicated in the Third Cause of Action, Allegria is indebted to TKE for all costs of collection, including but not limited to reasonable attorneys fees.

34.  As a result of the foregoing, Allegria is indebted to TKE for attorneys' fees and costs of collection in an amount to be determined by the trier of fact.

## AS AND FOR A SEVENTH CAUSE OF ACTION

35.  TKE repeats and realleges the foregoing as though set forth at length herein.

36.  This cause of action is alleged in the alternative.

37.  East End was acting as an agent for Alrose Group, LLC when it entered the Contract.

38.  By reason of the foregoing, Alrose Group, LLC is indebted to TKE in the amount of $227,931.00, plus interest at 1.5% per month from September 1, 2009.

## AS AND FOR A EIGHTH CAUSE OF ACTION

39.  TKE repeats and realleges the foregoing as though set forth at length herein.

40.  In addition to damages indicated in the Third Cause of Action, Alrose Group, LLC is indebted to TKE for all costs of collection, including but not limited to reasonable attorneys fees.

WHEREFORE TKE demands judgment as follows:

(a) on the first cause of action, against East End for the amount of $227,931 plus applicable interest;

(b) on the second cause of action, against East End for attorneys' fees in an amount to be determined by the trier of fact.

(c) on the third cause of action, against King David for the amount of $227,931 plus applicable interest;

(d) on the fourth cause of action, against King David for attorneys' fees in an amount to be determined by the trier of fact.

(e) on the fifth cause of action, against Allegria for the amount of $227,931 plus applicable interest;

(f) on the sixth cause of action, against Allegria for attorneys' fees in an amount to be determined by the trier of fact.

(g) on the seventh cause of action, against Alrose Group, Inc. for the amount of $227,931 plus applicable interest;

(h) on the eighth cause of action, against Alrose Group, Inc. for attorneys' fees in an amount to be determined by the trier of fact.

(i) for such other and different relief as to the Court seems just;

DATED: New York, New York
        March 12, 2011

ARTHUR RUSSELL, Esq.
*Attorney for Plaintiff*
14 Wall Street, 22nd Floor
New York, New York  10005
Tel: 973-661-4545