Ted A. Berkowitz
Louis A. Scarcella
Robert C. Yan
FARRELL FRITZ, P.C.
1320 RXR Plaza
Uniondale, New York  11556-1320
Tel:     (516) 227-0700
Fax:    (516) 227-0777

*Proposed Attorneys for the
Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                :
                                                                          :   Case No. 11-75361 (DTE)
ALROSE KING DAVID LLC,                        :   Chapter 11
                                                                          :
                                  Debtor.                       :
------------------------------------------------------------x

**OMNIBUS REPLY OF ALROSE KING DAVID LLC TO OBJECTIONS TO
RETENTION OF FARRELL FRITZ, P.C. AS ATTORNEYS FOR THE DEBTOR**

TO THE HONORABLE DOROTHY T. EISENBERG
UNITED STATES BANKRUPTCY JUDGE:

Alrose King David LLC, as debtor and debtor in possession (the "Debtor")[1], submits its omnibus reply to the objections (collectively, the "Objections") filed by (1) Brooklyn Federal Savings Bank ("Brooklyn Federal") [Doc. No. 59], (2) the Office of the United States Trustee (the "US Trustee") [Doc. No. 60], (3) DCI Design Communications, Inc. ("DCI") [Doc. No. 64], and (4) ThyssenKrupp Elevator Corp. ("ThyssenKrupp") [Doc. No. 65] to the Debtor's application for entry of an order authorizing the employment and retention of Farrell Fritz, P.C. ("Farrell Fritz") as its attorneys (the "Application").  In response to the Objections and in further support of the Application, the Debtor respectively states:

**Preliminary Statement**

1.    The Objecting Parties[2] have raised similar arguments in their respective Objections—

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.
[2] The "Objecting Parties" refer collectively to Brooklyn Federal, the US Trustee, DCI, and ThyssenKrupp.

Interwoven\2033531.4

arguing that Farrell Fritz is not qualified to be employed and retained by the Debtor because of alleged conflicts of interest arising out of (i) the source of funds for Farrell Fritz's retainer and certain pre-petition fees and (ii) statements concerning Farrell Fritz's representation of a non-debtor affiliate.

2.      Farrell Fritz is disinterested and does not hold a materially adverse interest to the Debtor's estate. There is no question concerning Farrell Fritz's loyalty to the Debtor. Farrell Fritz's loyalty to the Debtor has not, is not, and will not be divided. Farrell Fritz is beholden to no entity other than the Debtor with respect to its bankruptcy case.

3.      For the reasons set forth below, the Objections should be overruled and the Debtor's Application to employ and retain Farrell Fritz should be granted.

### Response to Objections

4.      Whether an adverse interest exists requires a case-by-case analysis. *See Bank Brussels Lambert v. Coan (In re Arochem Corp.)*, 176 F.3d 610, 623 (2d Cir. 1999) (citing *In re Caldor, Inc.*, 193 B.R. 165, 172 (Bankr. S.D.N.Y. 1996)); *Hogil Pharmaceutical Corp. v. Sapir (In re Innomed Labs, LLC)*, No. 02B22644, 2008 U.S. Dist. LEXIS 7017, at *7 (S.D.N.Y. Jan. 29, 2008) (same); *In re JMK Constr. Group, Ltd.*, 441 B.R. 222, 230 (Bankr. S.D.N.Y. 2010) (same).

5.      The analysis is focused on the present. *See In re Arochem Corp.*, 176 F.3d at 623-24 (noting that section 327(a) is phrased in the present tense and that the use of verb tense is significant to statutory construction). "The test is not retrospective; courts only examine present interests when determining whether a party has an adverse interest." *In re JMK Constr. Group, Ltd.*, 441 B.R. at 629 (citing *In re Arochem Corp.*, 176 F.3d at 623-24).

6.      Prior to the commencement of this bankruptcy case, Farrell Fritz consulted with Allen Rosenberg in connection with the analysis of potential restructuring alternatives for the Debtor, as well as for other non-debtor affiliates such as Alrose Allegria LLC, a situation that is not atypical. *Supplemental*

2

*Declaration*[3], at ¶ 3. Farrell Fritz was then engaged specifically to represent the Debtor, although Farrell Fritz has advised or represented Allegria post-petition on certain limited issues as discussed in the *Supplemental Declaration*. *Id.* Farrell Fritz and Allegria have not entered into an engagement agreement. *Id.* at ¶ 5. Farrell Fritz has not appeared in this bankruptcy case or any other case on behalf of Allegria. In fact, Allegria has appeared in this bankruptcy case through the law firm of Moritt Hock & Hamroff LLP ("MHH") and it is anticipated that in light of MHH's engagement, Farrell Fritz will no longer provide any services to Allegria. [Doc. No. 56]

7. Farrell Fritz has fully disclosed that Allegria was the source of payment of its fees for pre-petition services provided to the Debtor and its retainer. *See Initial Declaration*[4], at ¶¶ 17-18. Payment by Allegria, however, does not warrant the disqualification of Farrell Fritz. Courts have held that payment of a retainer by a third-party is not grounds for disqualification *per se*. *See e.g., In re EZ Links Golf, LLC*, 317 B.R. 858, 863 (Bankr. D. Colo. 2004) ("As for the payment of a retainer by a third party, the majority of courts do not find that it is a *per se* rule for disqualification or to deem the professional not disinterested."); *In re Lar Dan Enters., Inc.*, 221 B.R. 93, (Bankr. S.D.N.Y. 1998) (*per se* approach not followed and holding special counsel is not disqualified despite being paid by third-party insider); *In re Rabex Amuru of North Carolina, Inc.*, 198 B.R. 892, 896 (Bankr. M.D.N.C. 1996) (rejecting *per se* rule); *In re Missouri Mining, Inc.*, 186 B.R. 946, 949 (Bankr. W.D. Mo. 1995) (finding payment of retainer for debtor corporation's bankruptcy filing by debtor's principal, who was also a creditor, did not disqualify the attorneys *per se* but rather court looked to facts of case); *In re Palumbo Family Ltd. P'ship*, 182 B.R. 447, 466 (Bankr. E.D. Va. 1995) (holding that the Fourth Circuit has rejected the use of *per se* rules when evaluating disinterestedness and has favored a fact-intensive inquiry).

---

[3] The "Supplemental Declaration" refers to the *Supplemental Declaration of Ted A. Berkowitz in Further Support of Application for Entry of an Order Authorizing the Employment and Retention of Farrell Fritz, P.C. as Attorneys for the Debtor*, attached hereto as Exhibit "A".

[4] The "Initial Declaration" refers to the *Declaration of Ted A. Berkowitz in Support of Application for Entry of an Order Authorizing the Employment and Retention of Farrell Fritz, P.C. as Attorneys for the Debtor* [Doc. No. 24].

8.  In *Missouri Mining*, a non-debtor third-party paid the retainer for the debtor's attorneys. There was no dispute that the funds were obtained from the principal ("Schiappa"), now deceased, who was also a creditor of the debtor. *In re Missouri Mining, Inc.*, 186 B.R. at 947. Schiappa's probate estate had a claim against the estate. *Id.* Schiappa also received payments from the debtor within the one-year preference period. *Id.* Schiappa was also a principal in several affiliated corporations that had dealings with the debtor. *Id.* The source of the retainer was disclosed by the debtor's attorneys. The United States Trustee filed a motion to vacate the court's order authorizing the employment of the debtor's attorneys based on the acceptance of payment from a third-party holding an interest materially adverse to the debtor. *Id.* at 947-48. The court found the "payment of counsel's retainer by someone other than the debtor does not disqualify counsel *per se*." *Id.* at 948. With respect to the retainer payment, the court also made the following observations:

> Corporate debtors are prohibited from filing Chapter 11 cases *pro se*. Not surprisingly, corporations contemplating a Chapter 11 filing often either do not have funds available with which to retain competent counsel, or cannot legitimately gain access to funds for that purpose due to creditor liens. For those same reasons, competent counsel often will not take on the representation without a retainer sufficient to finance at least a portion of the anticipated fee. In order for such corporations to file for bankruptcy relief, insiders must often supply funds for a retainer. Counsel, therefore, often find themselves in the position of having to negotiate the amount of such retainer with insiders. That negotiation, without more, does not necessarily mean that counsel represents the insider, or has divided loyalties.

*Id.* at 950.

9.  Farrell Fritz's loyalty to the Debtor is not in doubt because Allegria made the payments. As stated above, Farrell Fritz and Allegria have not entered into an engagement agreement. *Supplemental Declaration*, at ¶ 5. Rather, Farrell Fritz advised and represented Allegria on an extremely limited basis and Farrell Fritz will no longer be representing Allegria as it retained separate counsel. None of the payments by Allegria were contingent on Farrell Fritz advising the Debtor in any particular way. Allegria has not agreed to fund Farrell Fritz's future fees and expenses in connection with this bankruptcy case. There is no proposed arrangement with Allegria to compensate Farrell Fritz. Farrell Fritz has indicated in the Application that it intends to apply for compensation and reimbursement of expenses in accordance

with the applicable rules.

10. As to Farrell Fritz's relationship with Allegria, Farrell Fritz was not involved in the formation of Allegria. *Supplemental Declaration*, at ¶ 4. Farrell Fritz did not and does not represent Allegria (or the Debtor for that matter) in litigation commenced by parties, including alleged holders of mechanic's liens, against Allegria and/or the Debtor. *Id.* at ¶ 6. Farrell Fritz did not and does not represent Allegria in connection with the Lease. Nor did Farrell Fritz represent the Debtor in the negotiation, preparation or execution of the Lease prior to the Petition Date. *Id.* at ¶ 7. Furthermore, Farrell Fritz did not and does not represent Allegria in connection with other transactions, if any, between Allegria and the Debtor. *Id.* at ¶ 8. As stated in the *Initial Declaration*, affiliated entities will retain separate counsel in connection with any transactions between them and the Debtor during this bankruptcy case. *Initial Declaration*, at ¶ 8.

11. It is not uncommon for affiliated entities to be represented by a single law firm. This is a reality in bankruptcy cases, even in instances involving debtors and non-debtor affiliates and in instances where there may be intercompany claims. *See e.g., In re The Brown Publishing Company, et al.*, Case No. 10-73295 (Bankr. E.D.N.Y.) (pending cases before this Court in which the Court entered an order approving K&L Gates LLP as attorneys for all of the debtors despite the existence of intercompany claims.). "[T]he presence of intercompany claims between debtors represented by the same counsel does not automatically warrant the disqualification of that counsel." *In re Adelphia Comms. Corp.*, 336 B.R. 610, 672-73 (Bankr. S.D.N.Y. 2006), *aff'd*, 342 B.R. 122 (S.D.N.Y. 2006); *see In re Int'l Oil Co.*, 427 F.2d 186, 187 (2d Cir. 1970); *Katz v. Kilsheimer*, 327 F.2d 633, 635 (2d Cir. 1964); *In re Mulberry Phosphates, Inc.*, 142 B.R. 997, 998 (Bankr. M.D. Fla. 1992) ("In fact, it is quite common for a single law firm to represent a parent company and all its subsidiaries either when they are all debtors or when only the parent is a debtor.").

12. The Objecting Parties contend that the absence of an action by the Debtor for rents due under the Lease evidences Farrell Fritz's divided loyalty. This is untrue. Although no action has been commenced, it has not been stated that an action would never be pursued. Any allegations by the

5

Objecting Parties that Farrell Fritz advised the Debtor against such an action are false. On October 3, 2011, the US Trustee appointed an official committee of unsecured creditors (the "Committee") in this bankruptcy case [Doc. No. 47] and the Court has entered an order authorizing LaMonica Herbst & Maniscalco, LLP to represent the Committee [Doc. No. 61]. The Committee and other creditors, including Brooklyn Federal, are well situated to investigate the Lease and Allegria's relationship with the Debtor and, if appropriate, to seek standing to assert claims. The appointment of the Committee renders the issue of whether an action would be commenced by the Debtor moot.

13. The Debtor has made, and will continue to make, concerted efforts to formulate and confirm a plan. In furtherance of that goal, efforts have focused on resolving the alleged claims of Brooklyn Federal, its secured lender. This is a practical approach to the Debtor's financial circumstances in this bankruptcy case, which is less than 3 months old. The Debtor's 90-day window to file a plan, because it is a single asset real estate debtor, further stresses the importance of prioritizing efforts and supports the approach taken by the Debtor. Potential restructuring alternatives have been explored to which Allegria might participate as a sponsor of a plan in the bankruptcy case. It has been previously disclosed that it is likely that the Lease may be restructured in connection with this bankruptcy case. *See Declaration of Allen Rosenberg Pursuant to Local Bankruptcy Rule 1007-4*, at ¶ 7. As discussions have progressed, Allegria engaged MHH (not Farrell Fritz) to represent it in those negotiations and any ensuing transactions.

14. Finally, contrary to Brooklyn Federal's argument, the Debtor is not using cash collateral to pay legal fees. Section 363 of the Bankruptcy Code applies prospectively in bankruptcy cases. Here, the payments were made pre-petition which defeats any arguments that the Debtor may have improperly used cash collateral (which it denies) to which Brooklyn Federal asserts an interest in since its bankruptcy filing.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

WHEREFORE, the Debtor respectfully requests that the Court (i) overrule the Objections, (ii) enter the proposed order attached to the Application as Exhibit "A" authorizing the Debtor to employ and retain Farrell Fritz as its attorneys, effective as of the Petition Date and (iii) grant such other and further relief as is just and proper.

Dated: Uniondale, New York  
       October 17, 2011

FARRELL FRITZ, P.C.

By:   /s/ Ted A. Berkowitz  
Ted A. Berkowitz  
Louis A. Scarcella  
Robert C. Yan  
1320 RXR Plaza  
Uniondale, New York 11556  
Telephone: (516) 227-0700  
Facsimile: (516) 227-0777

*Proposed Attorneys for the Debtor*  
*and Debtor in Possession*